## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PATRICK BUSH,

    Plaintiff,

    v.                               Civ. No. MJM-24-1547

ANTHONY BROWN, *et al.*

    Defendants.

### MEMORANDUM

Plaintiff Patrick Bush ("Plaintiff") filed this civil complaint on June 5, 2024, alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  The Complaint is accompanied by motions for leave to proceed in forma pauperis ("IFP"), ECF Nos. 2 & 5, which are granted.  Plaintiff also filed a supplement to the Complaint. ECF No. 4.  Because Plaintiff proceeds IFP, this Court is obligated to screen the Complaint, as supplemented, for sufficiency.  28 U.S.C. § 1915A.  A district court "shall dismiss [a] case" filed by a plaintiff proceeding IFP if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i).

A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, a pro se plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  With those standards in mind, and for the following reasons, Plaintiff's Complaint must be dismissed.

In his Complaint, Plaintiff names two defendants: Anthony Brown, the Attorney General for the State of Maryland; and the St. Mary's County State's Attorney. ECF No. 1. He states that on March 1, 2024, he discovered that he was being unlawfully confined. He asserts that a docket entry in his criminal case shows that he should have been released on or after January 18, 2017. *Id.* Attached to the initial Complaint is a copy of a docket sheet that appears to indicate that Plaintiff's criminal trial was postponed on January 18, 2017. ECF No. 1-1. Plaintiff also attached to his Complaint portions of the case *State v. Hicks*, 285 Md. 310 (Md. 1979). ECF No. 1-1 at 1. In his Supplemental Complaint, Plaintiff appears to argue that the State failed to show good cause to postpone his criminal trial and/or failed to file a motion for postponement as required under *Hicks*. ECF No. 4. He asserts that although the conduct in his case and the *Hicks* case were identical, he received a different outcome demonstrating that he was discriminated against. *Id*. He asserts that his right to due process has been violated and seeks compensatory damages and immediate release. *Id*.

Review of Maryland Judiciary Case Search[1] demonstrates that Plaintiff was found guilty of first-degree murder and related offenses in the Circuit Court for St. Mary's County on September 14, 2017, and sentenced to a term of life plus 35 years' incarceration.

Here, Plaintiff appears to pursue a civil action based on alleged deficiencies in his criminal case in state court. Such a cause of action is prohibited under the Supreme Court's decision in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in an action under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. *Id.* Plaintiff's claims will

---

[1]     https://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last visited June 20, 2024).

be dismissed without prejudice.  Unless and until the conviction is invalidated, they may not be pursued.

Furthermore, Plaintiff is attempting to bring this action against Attorney General Anthony Brown pursuant to 42 U.S.C. § 1983 but does not allege any facts regarding the defendant's conduct.  To the extent he is seeking to hold Brown accountable in his supervisory capacity as the Attorney General for the State of Maryland, the claim must be dismissed. Liability under § 1983 attaches only upon personal participation by a defendant in the alleged constitutional violation.  It is well established that the doctrine of respondeat superior does not apply to § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Given the absence of any personal involvement by Attorney General Brown, or any facts to establish supervisory liability, Plaintiff's claims against him must be dismissed.

Finally, Plaintiff cannot sue the St. Mary's County State's Attorney for the performance of prosecutorial functions. Maryland State's Attorneys enjoy absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Absolute immunity protects prosecutors' "vigorous and fearless performance" of their duties, which is "essential to a fair, impartial the criminal justice system." *Nero*, 890 F.3d at 117 (citing *Imbler*, 424 U.S. at 427–28). "Because absolute immunity safeguards the process, not the person, it extends only to actions 'intimately associated with the judicial phase of the criminal process.'" *Id.* At 117–18 (quoting *Imbler*, 424 U.S. at 430–31). Thus, absolute prosecutorial immunity turns on whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422–23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The particular act alleged in the instant case is the prosecutor's decision to postpone Plaintiff's criminal trial. Such an act is intimately associated with the judicial process. Plaintiff's claims against the St. Mary's County State's Attorney are therefore subject to dismissal.

For the forgoing reasons, Plaintiff's Complaint is dismissed.[2]

A separate Order follows.

_7/16/24_
Date

_____
Matthew J. Maddox
United States District Judge

---

[2]   To the extent Plaintiff believes he is detained in violation of the constitution or laws of the United States he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.